Filed 5/15/23  P. v. Joiner CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE, | D081169 |
| Plaintiff and Respondent, |  |
| v. | (Super. Ct. No. SCN174120) |
| WARDELL NELSON JOINER, |  |
| Defendant and Appellant. |  |

APPEAL from an order of the Superior Court of San Diego County, James E. Simmons, Jr., Judge.  Affirmed.

Wardell Nelson Joiner, in pro. per.; and Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2005, a jury convicted Wardell Nelson Joiner of first degree murder (Pen. Code,[1] § 187, subd. (a)) and found true a special circumstance that the murder also involved torture (§ 190.2(a)(18)).  Joiner was sentenced to life without the possibility of parole.

---

[1]    All further statutory references are to the Penal Code.

Joiner appealed and this court affirmed the conviction in an unpublished opinion. (*People v. Joiner* (Dec. 12, 2006, D047296).)

In 2022, Joiner filed a petition for resentencing under section 1170.95 (now renumbered section 1172.6). The court appointed counsel, received briefing, and held a hearing. After reviewing the record of conviction and hearing the arguments of counsel, the court found Joiner had not stated a prima facie case for relief under the statute and denied the petition without issuing an order to show cause.

Joiner filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) indicating counsel has not been able to identify any potentially meritorious issues for reversal on appeal. Counsel asks the court to exercise its discretion to review the record for error as we would do under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Joiner has filed his own brief challenging the trial court's decision to deny his petition for resentencing under section 1172.6. We will address Joiner's submission later in this opinion.

When the trial court denied Joiner's petition it found Joiner was ineligible for relief as a matter of law. The court said:

> "Based on the record of conviction, petitioner was the actual killer and petitioner was not convicted under any theory or liability affected by Senate Bill 1437. [¶] The court finds that petitioner has failed to make a prima facie showing and finds that he is ineligible for relief as a matter of law pursuant to Penal Code Section 1172.6."

2

## DISCUSSION[2]

As we have noted, appellate counsel has filed a brief pursuant to *Delgadillo* and asks the court to independently review the record for error. We will exercise our discretion and independently review the record for error and consider Joiner's brief.

After reviewing the briefs and the record of conviction, the trial court found Joiner was the sole perpetrator of the offense. In short, Joiner was the actual killer. He was not prosecuted as an aider and abettor. The jury was not instructed on theories of liability based on the felony murder rule or the natural and probable consequences doctrine.

In his brief, Joiner does not actually address the basis for relief under section 1172.6. He does not deny he was the sole perpetrator and the actual killer. Instead, Joiner complains about the jury instructions and argues the jury could have found an absence of malice in this case.

Petitions for resentencing under this statute are for cases where a defendant was not the killer but was held vicariously liable on one of several theories of liability identified in the statute. The statute is not simply another appellate opportunity to challenge the original judgment. (See *People v. Lewis* (2021) 11 Cal.5th 952.)

Joiner's brief does not raise any arguably meritorious issues for reversal on appeal.

Consistent with counsel's request for *Wende* review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue that was considered in evaluating the potential merits of this

---

[2] The facts of the offense are summarized in our prior opinion. We will not repeat them here.

appeal: Whether the trial court prejudicially erred in finding Joiner was not eligible for relief under the statute.

We have reviewed the entire record consistent with the requirements of *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Joiner on this appeal.

## DISPOSITION

The order denying Joiner's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

CASTILLO, J.

4